OPINION OF THE COURT
Leonard G. Tilney, Jr., J.
The case was a nonjury trial held May 29, 2013 in which two *624 witnesses were heard. The People presented Trooper Timothy Waild who has been employed by the New York State Police since 1987. He was assigned road patrol March 14, 2013 and stopped the defendant, charging her with a violation of Vehicle and Traffic Law § 1225-d — use of portable electronic device. He was parked at the corner of Transit and Robinson Roads in the Town of Lockport observing traffic. As the defendant drove her car past him she was holding a cell phone. He followed her and stopped her for the aforesaid violation. He spoke with Riexinger and she advised him she was checking the time. Riexinger showed Waild the cell phone and he issued her a ticket. Waild identified Riexinger in the courtroom as the person using the cell phone.
The defendant then took the stand on her own behalf. She was on a half-hour break from work and the clock in her car was broken. She checked her cell phone for the correct time. She was not texting or communicating on the cell phone. In fact, her exhibits, “A” (cell phone) and “B” (text) from her phone carrier showed no activity either texting or phone calls for the date and time of the ticket. She was unaware she was breaking any law as she was only observing the time. Although she had the cell phone in her hand, no communication was had.
Statute
Vehicle and Traffic Law § 1225-d
Definition

“2. . . .

“(a) ‘Portable electronic device’ shall mean any hand-held mobile telephone, as defined by subdivision one of section twelve hundred twenty-five-c of this article, personal digital assistant (PDA), hand-held device with mobile data access, laptop computer, pager, broadband personal communication device, two-way messaging device, electronic game, or portable computing device.
“(b) ‘Using’ shall mean holding a portable electronic device while viewing, taking or transmitting images, playing games, or composing, sending, reading, viewing, accessing, browsing, transmitting, saving or retrieving e-mail, text messages, or other electronic data. . . .
“4. A person who holds a portable electronic device in a conspicuous manner while operating a motor *625 vehicle is presumed to be using such device. The presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not using the device within the meaning of this section.”
Position of the Parties
The People maintain the presumption under Vehicle and Traffic Law § 1225-d (4) and defendant’s own testimony shows she was using a portable electronic device while the car was moving. Defendant states quite frankly she was not using her cell phone to text or communicate with anyone but was only checking the time so she would not be late for work.
Verdict
The court credits both witnesses as their testimony verifies each other. Trooper Waild saw the defendant with her cell phone in her hand thus, “using” it as a portable electronic device. The defendant admits using her cell phone as a clock. It is clear to the court the defendant was not talking on her cell phone or Trooper Waild would have charged defendant under Vehicle and Traffic Law § 1225-c. There was no testimony that the cell phone was anywhere near the defendant’s ear. Defendant’s exhibit B, unchallenged by the People, shows no texting was going on at the time of observation by Trooper Waild or at the arrest of the defendant. The court is left with interpretation of Vehicle and Traffic Law § 1225-d (2) (a) and (b) that a “portable electronic device” is any hand-held mobile telephone and “using” that device while “viewing . . . images” is prohibited. Vehicle and Traffic Law § 1225-d was amended and made a primary offense effective July 12, 2011. In signing the bill, Governor Cuomo noted that the new law applies not only to texting, but also to using a portable electronic device while driving for any other purpose, such as surfing the web or checking emails. There are numerous news reports in the media regarding serious accidents, injuries and fatalities that have occurred over the last few years resulting from drivers being distracted while using hand held devices. The court takes judicial notice of the serious nature of the problems that have developed as a result of drivers texting or using hand-held devices while driving and the importance of the potential protection of the public that this section of the Vehicle and Traffic Law was attempting to address, and the reasons for which it was enacted. The court notes that section 1225-c was enacted prior to the enactment of *626 section 1225-d. The court is also aware that section 1225-c (f) states, with regard to use of a cell phone that “ ‘[ejngage in a call’ shall mean talking into or listening on a hand-held mobile telephone, but shall not including holding a mobile telephone to activate, deactivate or initiate a function of such telephone.” However, there is no such similar section with regard to activation, deactivation or initiating a function of the telephone in section 1225-d. As such, section 1225-c permits activation, deactivation or initiating a function of the telephone, but section 1225-d is silent on this point. Criminal statutes must be strictly construed. The prohibited action under Vehicle and Traffic Law § 1225-d does not encompass using a cell phone as a clock or watch. The court finds the defendant’s actions akin to taking a pocket watch out to view the time. Surely, the New York State Legislature did not intend to prohibit this kind of action when enacting Vehicle and Traffic Law § 1225-d.
Accordingly, the court finds the defendant “NOT GUILTY” of violating Vehicle and Traffic Law § 1225-d.